UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| VALANCE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-CV-202 JVB |
| | ) | |
| ALLEN COUNTY SHERIFF KEN FRIES, | ) | |
| DR. RICHARD HORSTMEYER, | ) | |
| DR. RICHARD HILKER, | ) | |
| NURSE CELINA CRAWFORD, | ) | |
| OFFICER MICHAEL PULLEN, | ) | |
| OFFICER _____ FARRELL, and | ) | |
| CORPORAL CLINTON D. HAKE, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant Richard Hilker's Motion to Dismiss (DE 25). Dr. Hilker asserts that Plaintiff's Amended Complaint is not properly before this Court because Plaintiff has failed to comply with Indiana's Medical Malpractice Act (MMA). Dr. Hilker moves to dismiss Plaintiff's Amended Complaint against him pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Defendant Richard Horstmeyer has joined in Dr. Hilker's Motion (DE 29). Plaintiff objects to dismissal, insisting that he has pleaded claims of deliberate indifference to his serious medical needs against Dr. Hilker and Dr. Horstmeyer under 42 U.S.C. § 1983, to which the MMA is not applicable.

**A.    COMPLAINT ALLEGATIONS**

According to the Amended Complaint, Plaintiff Valance was admitted to the Allen County Jail as a pretrial detainee on January 18, 2012. Sometime thereafter, he developed sores on his toes from the footwear the jail issued to its inmates. This was particularly problematic for

Plaintiff because he is diabetic. Plaintiff maintains that Defendants failed to provide him with a pair of properly fitting diabetic shoes. He tried to wear a pair that were too small, and developed an ulceration on his right foot. Jail personnel referred Plaintiff to a podiatrist, Dr. Richard Hilker, who treated Plaintiff's toe with iodine.

The toe failed to heal and, on April 24, 2014, was red and badly swollen. The jail physician, Dr. Richard Horstmeyer examined Plaintiff's toe. By the time the toe was examined again later the same day, the swelling had spread to his foot. Three hours later, the entire foot was red and swollen and the base of the toe had turned black. Plaintiff was finally taken to the hospital after another examination by a jail nurse. The next day, Plaintiff's toe and a portion of his right foot were amputated. Plaintiff was discharged from the hospital on May 2, 2012, and returned to the jail on May 16, 2012. The next day, Plaintiff attended a follow-up appointment at the jail and was sent back to the emergency room. Although his foot was inflamed and one of his toes was turning black, he was sent back to the jail after the emergency room visit. Hospital personnel told the jail personnel Defendants that if the infection started to spread up the foot, or if the little toe started to rot off, Plaintiff was to be returned to the emergency room.

Three days later, the infection had started once more to spread up his foot and the little toe was rotting off. Plaintiff alleges that he notified jail staff of the exacerbation of his condition, but that Defendants Nurse Celina Crawford, Officer Farrell, and Corporal Hake, refused to send Plaintiff to the emergency room, and instead placed him on sick call for the next day. Plaintiff asserts that the delay in his treatment was in reckless and deliberate indifference to his serious medical needs. As a consequence, Plaintiff's leg had to be amputated below the right knee.

Plaintiff alleges that Dr. Hilker and the jail confinement and medical personnel acted

with reckless disregard for his serious medical condition when they failed to provide properly fitting diabetic shoes, and denied Plaintiff adequate medical care. He alleges that the jail staff and confinement officers were additionally reckless and deliberately indifferent to his serious medical needs related to the infection in his foot by needlessly delaying treatment, which led to further amputation.

**B.** **Discussion**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). As evidence that this Court lacks subject matter jurisdiction, the Defendants have offered Plaintiff's Proposed Complaint to the Indiana Department of Insurance (IDOI). The Defendants argue that the facts Plaintiff relies on to allege negligence before the IDOI, are the same facts Plaintiff presents in the First Amended Complaint, and urges the Court to find that these facts set out a claim that falls under Indiana's Medical Malpractice Act. The MMA requires a medical review panel to issue an opinion on a claim of medical malpractice against a qualified health care provider before the claim can be pursued in court. *Med. Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 374 (7th Cir. 2010) (citing to Ind. Code § 34–18–8–4).

The Defendants argue that because no medical review panel opinion has been issued, this Court lacks subject matter jurisdiction over Plaintiff's claims, and request dismissal under Federal Rule of Civil Procedure 12(b)(1). The Court does not agree that failure to submit a

3

malpractice claim to a medical review panel before filing suit deprives it of subject matter jurisdiction. As Judge Robert Miller noted in *Estate of Rice ex rel. Rice v. Correctional Medical Services*, 596 F. Supp. 2d 1208, 1225 (N.D. Ind. 2009),"[t]he Indiana General Assembly doesn't decide the jurisdiction of the federal courts, so the legislative prohibition on court action doesn't affect this court's subject-matter jurisdiction." This Court agrees with Judge Miller's assessment.

Plaintiff asserts that his claims against Dr. Hilker and Dr. Horstmeyer are not medical malpractice claims. Rather, he claims that he was denied his constitutional right to be free from cruel and unusual punishment, and is pursuing a remedy through 42 U.S.C. § 1983. "A plaintiff properly invokes federal question jurisdiction when []he pleads a colorable claim arising under the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (internal quotations omitted). By citing recognized federal constitutional rights and federal statute Plaintiff has invoked this Court's jurisdiction.[1]

Implicit in Defendants' argument that Plaintiff's claims against them are nothing more than state law malpractice claims is the assertion that he has failed to state claims under federal law. Thus, while Plaintiff's claims against these defendants should not be dismissed for lack of subject matter jurisdiction, the Court will consider whether Plaintiff has stated claims against them under federal law.

Deliberate indifference to serious medical needs violates a pretrial detainee's due process rights under the Fourteenth Amendment, *Hall v. Ryan*, 957 F.2d 402, 405. (7th Cir. 1992). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs,

---

[1] Because Plaintiff was a pretrial detainee, his claims would be analyzed under the Fourteenth Amendment's due process clause rather than the Eighth Amendment's prohibition against cruel and unusual punishment. However, the claims are analyzed under the same standards. *Board v. Farmham*, 394 F.3d 469, 477–78 (7th Cir. 2005).

he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A plaintiff must show that the professional's response was so inadequate that no minimally competent professional would have so responded. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

To meet the requirements of Federal Rule of Civil Procedure 8, a pleading must contain facts that are sufficient, when accepted as true, to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* at 581.

Contrary to Defendants' assertion that Plaintiff alleges only medical malpractice, Plaintiff's complaint states a plausible claim that their treatment of Plaintiff amounted to deliberate indifference to his serious medical needs. The fact that Plaintiff's condition became so severe that his toe and portions of his foot, and finally, his leg below the knee, had to be amputated makes plausible the inference that their responses were so deficient that no minimally competent professional would have responded as they did. Whether Plaintiff will be able to

5

prove this proposition remains to be seen, but he has alleged enough to state a claim under the Fourteenth Amendment and 42 U.S.C. § 1983.

**C.    CONCLUSION**

For the reasons stated above, the Court DENIES the Motion to Dismiss filed by Dr. Hilker (DE 25), and joined by Dr. Hortsmeyer (DE 29).

SO ORDERED on June 19, 2014.

    s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
Hammond Division